1  MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, State Bar No. 83684
2  JEAN BARNIER, State Bar No. 231683
645 First St. West, Suite D
3  Sonoma, California 95476
Telephone:  (707) 935-3205
4  Facsimile:  (707) 935-7051
Email:  macclaw@macbarlaw.com
5
6  Attorneys for Debtor

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11

12  In re:                              )  Case No. 10-10088
                                        )  (Chapter 11)
13  INDUSTRY WEST COMMERCE CENTER,       )
    LLC                                 )  **INTERIM ORDER AUTHORIZING USE**
14                                       )  **OF CASH COLLATERAL**
                                        )
15              Debtor.                 )
    _____    )

16

17          The Motion for Use of Cash Collateral filed by Industry West Commerce Center, LLC,

18  Debtor and Debtor-in-Possession herein (the "Debtor"), came on for interim hearing on January 29,

19  2010.  MacConaghy & Barnier, PLC by John H. MacConaghy, Esq. appeared on behalf of the

20  Debtor, and other appearances were made as noted in the record.

21          The Court having considered the Debtor's Motion, and all papers on file herein; and having

22  heard the argument of counsel and matters presented at the time of hearing; and the Debtor having

23  made  a sufficient showing that the use of "cash collateral" is necessary to avoid immediate and

24  irreparable harm to the Estate pending final hearing; and good cause appearing:

25          **IT IS HEREBY ORDERED THAT**:

26          1.      This Motion is set for final hearing on February 5, 2010 at 9:00 a.m. in this Court,

27  pursuant to prior notice served by the  Debtor's counsel pursuant to  Bankruptcy Rule 4001(b).

28

2.     Pending Final Hearing, the Debtor is authorized to use the cash collateral of its various secured lenders to pay critical expenses as set forth on the pro forma budget attached to the Motion.

3.     As adequate protection for the Debtor's use of each secured lender's cash collateral, each such lender shall have and is hereby granted a Replacement Lien, effective as of the filing of the petition for relief, on any and all post petition rent and other income arising out of that secured lender's real property collateral.  The Replacement Lien on shall have the same priority, validity, and extent as the particular secured lender's lien on prepetition collateral.

4.     The Replacement Lien granted to each such secured lender shall be perfected by operation of law, *nunc pro tunc*, as of the filing of the petition for relief upon entry of this Order.  No secured lender shall be required to file or record any financing statements, mortgages, or other documents in any jurisdiction or to take any other action in order to validate or perfect the Replacement Lien granted hereunder.  This Interim Order shall be deemed sufficient and conclusive evidence of the security interests and liens granted hereunder.

5.     The Debtor shall permit any secured lender to inspect its collateral on reasonable notice.

Dated:  February 1, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL