UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

INDUSTRY WEST COMMERCE CENTER,
LLC,
                  Debtor(s).
_____/

No. 10-10088

Memorandum on Plan Confirmation
_____

      Chapter 11 debtor Industry West Commerce Center, LLC, owns an industrial warehouse facility in Santa Rosa, California. The facility is worth about $20 million. It is encumbered by a first deed of trust held by Central Pacific Bank ("Bank") securing a debt of about $16.5 million and a second deed of trust held by Todd JBRE, LLC ("Todd"), securing a debt of about $900,000.00. There are about $100,000.00 in unsecured claims. The unsecured creditors have accepted the plan. The two secured creditors reject it. The issue before the court at confirmation is whether the plan is fair and equitable as to the dissenting secured creditors. If it is not, it cannot be confirmed over their objections by virtue of § 1129(b)(1) of the Bankruptcy Code.

      The plan does not call for the equity ownership of the debtor to infuse any new funds. The sole means of performance is by forcing the secured creditors to wait seven years to be repaid their principal.

      The note to Todd securing the second deed of trust made in April of 2008 was all due May 10, 2010. It was supposed to be a short-duration loan at an interest rate of 12%. The plan proposes to

extend the note for seven years and reduce the interest rate to 5.75%.

The court finds the plan unfair as to Todd. It bargained for a short term at a high rate of interest. The plan is for a much longer term, with much higher risk, at a lower interest rate. Even with the prime rate of interest as low as it currently is, there is no fairness in the treatment to Todd. There is evidence before the court that a crisis in commercial real estate may be brewing. Todd is in a very precarious position behind a large first deed of trust, and a decline in the facility's value of even five or ten percent might well render Todd's security interest worthless. The current equity holders are contributing nothing. They stand to reap all the gain if the economy recovers, and the risk of the economy tanking is borne entirely by Todd. The plan is simply not fair, especially to Todd. It must be paid a higher rate of interest, not a lower rate, before the court can even begin to consider the other issues raised in opposition to the plan.

Having determined the plan is not confirmable because of its treatment of Todd, there is no point to dealing with the Bank's treatment. Until and unless the debtor comes up with a plan fair to Todd, there is no way the court can determine if such a plan is feasible, especially since there is to be no influx of capital. The court accordingly leaves those issues for another day.

Counsel for Todd shall submit a form of order denying confirmation of the debtor's plan.

Dated: June 8, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge