MANATT, PHELPS & PHILLIPS, LLP
CARL L. GRUMER (Bar No. CA 066045)
cgrumer@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Appellant Central Pacific Bank

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>INDUSTRY WEST COMMERCE CENTER, LLC<br>a California limited liability company,<br><br>Debtor. | Case No. 10-10088<br><br>Chapter Number: 11<br><br>BAP No.: NC-10-1336<br><br>STATEMENT OF ISSUES ON APPEAL<br><br>(No Hearing Date)<br><br>Courtroom of the Honorable Alan Jaroslovsky |

Appellant Central Pacific Bank hereby designates the following Statement of Issues on Appeal, pursuant to Federal Rule of Bankruptcy Procedure 8006:

1. Did the Bankruptcy Court err in confirming the Debtor's Modified Plan of Reorganization and allowing a seven year payout of Appellant's fully secured debt, when the Debtor conceded that there was sufficient value in its real estate to pay all creditors in full from a sale of the property, and no reason was given for requiring Appellant to wait seven years for payment, other than to allow the equity holders of the Debtor an opportunity to further speculate

on the real estate market by risking Appellant's collateral?

2. Did the Bankruptcy Court err in finding that the Debtor's Modified Plan of Reorganization was proposed in good faith, where the appraisal of the property securing Appellant's claim proffered by the Debtor showed sufficient value to allow all creditors to be paid in full from a sale of the property, and the only apparent reason to require Appellant to wait seven years was to provide the equity holders of the Debtor a speculative opportunity to obtain a possible return on their investment?

3. When proposing a Chapter 11 plan of reorganization, does a debtor-in-possession have the same fiduciary duties and obligations as a trustee in bankruptcy?

4. Did the Bankruptcy Court properly base its order confirming the Debtor's Modified Plan of Reorganization upon a finding that a plan which avoids a sale is generally in the best interests of the economy as a whole?

5. Did the Bankruptcy Court err in confirming the Debtor's Modified Plan of Reorganization under the "cram down" provisions of Chapter 11, over the objection of Appellant, where the interest rate provided to be paid on Appellant's fully secured claim was below a market rate of interest for a seven year plan?

6. Did the Bankruptcy Court make adequate findings as to the reasons for the amount of the adjustments made by the Court to the interest rate to be paid under the plan on Appellant's fully secured claim?

7. Did the Bankruptcy Court err in reducing the interest rate which would otherwise be appropriate to be paid on the Appellant's fully secured claim based upon the speculation that there remains the possibility that Congress would intervene to make funds available rather than allow the commercial real estate market to fall?

8. Did the Bankruptcy Court err in discounting the risk of a seven year plan, where the Debtor's expert acknowledged that $1.4 Trillion in commercial real estate loans will come due in the next four years, with nearly half having negative equity?

9. Did the Bankruptcy Court err in confirming a seven year plan for a single asset real estate debtor, where the undisputed testimony showed that almost all of the Debtor's leases

were due to expire before that time, the Debtor's property was already over 40% vacant, and the property was located in an area with historically high vacancy rates?

Dated: September 15, 2010     MANATT, PHELPS & PHILLIPS, LLP
                              Carl L. Grumer


                              By:  /s/ Carl Grumer
                                   Carl L. Grumer
                                   *Attorneys for Secured Creditor,*
                                   CENTRAL PACIFIC BANK

300149967.1