UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

INDUSTRY WEST COMMERCE CENTER, LLC,

                  Debtor(s).

No. 10-10088

Memorandum on Objection to Claim

      The confirmed plan in this Chapter 11 provides for payment in full to oversecured creditor Central Pacific Bank. The Bank has filed a claim seeking to recover of interest at the default rate up until plan confirmation, plus attorneys' fees incurred in the bankruptcy proceedings and pre-bankruptcy litigation in state court. The Debtor objects.

      The Bank is not entitled to interest at the default rate. An oversecured creditor is not entitled to interest at the default rate where its claim is paid in full pursuant to the terms of a Chapter 11 plan. *General Elec. Capital Corp. v. Future Media Productions, Inc.,* 536 F.3d 969, 973 (9th Cir. 2008), and cases there cited.

      Pursuant to § 506(b) of the Bankruptcy Code, an oversecured creditor may recover reasonable fees and costs provided for by agreement or state law, up until confirmation of a plan, even if the creditor is not successful in its arguments. After confirmation, the creditor can recover its fees only if it is the prevailing party. *In re Hoopai,* 581 F.3d 1090, 1101 (9th Cir. 2009). The Bank's security agreement gives it the right to be reimbursed for attorneys' fees. The Bank seeks a total of $295,685.00 in fees, of which $105,388.50 is for work done in the Chapter 11 case and the rest is for

1

prepetition work. It seeks a total of $91,159.87 in costs, of which $55,273.68 was for an expert witness retained to testify at the confirmation hearing.

The court finds the Bank's postpetition fees to be reasonable. They are in an amount to be expected when a creditor is protecting a secured claim the size of the Bank's (about $16 million), and are in line with the fees incurred by the debtor's counsel.

However, the court finds the fees of the Bank's expert witness to be unreasonable. The proper scope of an expert's testimony is to establish facts beyond the knowledge of the court. An expert witness can properly testify as to current and historical prime rates, prevailing market interest rates for similar loans, risk factors often considered by lenders in general, and other similar facts. In this case, the Bank's expert, Richard W. Ferrill, went far beyond the permissible testimony of an expert. He purported to lecture the court on the applicable law, offered up an improper opinion as to the feasibility of the proposed plan, and applied his general knowledge as an expert to the facts of this case. In other words, he put himself in the place of the court and attempted to testify as to the ultimate facts and legal conclusions the court should reach. While the court tolerated this condescension at the hearing, it is entirely inappropriate for the court to reward it by allowing a huge and unreasonable fee as an expense of the Bank. Accordingly, the court will disallow all but $7,500.00 of his fees as a recoverable expense of the bank.

The only remaining issue is the Bank's prepetition attorneys' fees and costs. These fees are not subject to § 506(b), and may be recovered if allowable under state law. Neither side has sufficiently addressed this issue in its briefs. The court will give the parties ten days from the entry of this memorandum to submit supplemental briefs, after which the court will decide the issue and enter an appropriate order.

Dated: May 4, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

2